IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HERSHEL RAMONE McCRADIC,

                                                                 ORDER

               Petitioner,

                                                 16-cv-528-bbc

    v.

MICHAEL MEISNER,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Prisoner Hershel Ramone McCradic has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and has paid the $5 filing fee. The petition is before the court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which requires the district court to order a response unless it plainly appears from the face of the petition that the petitioner is not entitled to relief.

Petitioner is challenging a 2004 conviction for repeated sexual assault of the same child in Milwaukee County, Wisconsin. A threshold problem with the petition is that petitioner already challenged the same conviction in a petition that he filed in 2011 in the United States District for the Eastern District of Wisconsin. McCradic v. Pollard, No. 11-cv-182 (E.D. Wis.). The court denied the petition as untimely. Petitioner attempted to challenge the same conviction again in McCradic v. Meisner, No. 14-cv-1487 (E.D. Wis.), but the court dismissed the petition for lack of jurisdiction. The court explained that it

1

could not consider a second challenge to the same conviction unless petitioner received permission from the Court of Appeals for the Seventh Circuit to file a successive motion. 28 U.S.C. § 2244(b)(3)(A).

Petitioner cannot avoid the ruling of the court in the Eastern District simply by filing a petition in a new district and failing to disclose the earlier petition. Section 2244(b)(3)(A) applies wherever the new petition is filed. Because petitioner still has not obtained permission from the Court of Appeals for the Seventh Circuit to file another habeas petition, I do not have jurisdiction over this case. Because the case cannot be entertained, there is no reason to consider petitioner's motion for appointment of counsel.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of jurisdiction. Petitioner's motion for appointment of counsel is DENIED as unnecessary.

Entered this 26th day of October, 2016.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge